ERNESTO ADRIANO-FAVELA, *et al.*, §
                                                          §
         Plaintiffs,                  §
                                                          §
*versus*                              §      CIVIL ACTION NO. 1:13-CV-377
                                                          §
                                                          §
EMPIRE SCAFFOLDING, LLC,       §
                                                          §
           Defendant.               §

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

The Court referred this matter to United States Magistrate Judge Keith F. Giblin for consideration and recommended disposition of case-dispositive pretrial motions. On March 2, 2016, Judge Giblin issued a report and recommendation in which he recommended that the Court grant in party and deny in part the parties' competing motions for summary judgment.

Plaintiffs and defendants filed objections to the magistrate judge's recommendation. The plaintiffs object by stating that they produced evidence sufficient for a reasonable jury to find that their personal protective equipment (PPE) was integral and indispensable to their work on the Motiva Crude Expansion Project at issue in this case. The plaintiffs also object to Judge Gibln's recommended entry of summary judgment against three plaintiffs. He found that those plaintiffs failed to present evidence entitling them to compensation under the Fair Labor Standards Act (FLSA).

Defendant Empire Scaffolding, LLC, ("Empire") objects on several issues. It contends Judge Giblin erred in finding that the plaintiff Rene Chairs' claims survive summary judgment. Defendant argues that Chaires' claimed non-compensable time is *de minimis* and incidental to

otherwise non-compensable commute time. It also objects to Judge Giblin's finding that genuine issues of material fact exist on a number of plaintiffs' claims because defendant argues this finding is based on "unsubstantiated and merely speculative" testimony given by the plaintiffs. Empire next argues that the magistrate judge failed to consider its argument that plaintiffs cannot meet their burden under the FLSA to show they worked in excess of 40 hours per workweek.

In conducting a *de novo* review of the record, the Court finds that the magistrate judge thoroughly considered the summary judgment evidence. As for the plaintiffs' objections, Judge Giblin addressed the specific PPE at issue and did not err in his application of governing Fifth Circuit and Supreme Court precedent outlining the "integral and indispensable" test in considering the plaintiffs' claim for time spent donning and doffing their PPE. *See Report*, at pp. 13-16. Judge Giblin also discussed *Integrity Staffing Solutions, Inc., v. Busk*, __U.S.__, 135 S. Ct. 513, 518 (2014) and *Steiner v. Mitchell*, 350 U.S. 247 (1956) in his report, which plaintiffs cite in their objections. The plaintiffs do not explain how Judge Giblin erred in his application of those cases to the evidence at hand and they offer no additional evidence with their objections which contradict Judge Giblin's findings. As discussed in the report, the plaintiffs' continued reliance on the fact that defendant required certain PPE as part of a standard safety protocol is misplaced. The Supreme Court has indicated that the integral and indispensable test turns on whether the activity at issue is tied to the productive work that the employee is employed to perform, not whether it was required by the employer. *See Busk*, 135 S. Ct. at 519. After considering the record, the Court agrees that the PPE at issue here was not integral and indispensable to the plaintiffs' work. Even if it were integral and indispensable, the plaintiffs' PPE claim does not rise above the level of *de minimis* because their own testimony shows that

it took less than five minutes to don and doff this PPE. This ruling is in accordance with this Court's findings in related FLSA cases arising out of the Motiva Crude Expansion Project. *See Stanley v. Car-ber*, No. 1:13-CV-374 (E.D. Tex. June 29, 2015).

The Court also concludes that Judge Giblin properly considered the record evidence before recommending that summary judgment be granted in favor of Empire on plaintiffs Jesus Alaniz, Darwin Bridges, and Rodrigo Garcia. Defendant pointed to undisputed testimony from those plaintiffs indicating they did not engage in any activities outside of their shift times which could be compensable under the FLSA. Plaintiffs' blanket statements regarding Empire's requirements that its employees arrive before the start of their shift to ride the transport bus to the Motiva work site does not alter this outcome. Judge Giblin already addressed the issue of straight bus time being non-compensable in the Fifth Circuit, and plaintiffs did not object on this point. The objections do not establish that Judge Giblin erred in recommending summary judgment based on these plaintiffs' testimony. The Court therefore finds that plaintiffs' objections should be overruled in their entirety.

Turning to Empire's objections, the Court has considered defendant's arguments and concludes that Judge Giblin was correct in finding that genuine issues of material fact exist on the remaining plaintiffs' claims for compensable pre-shift and post-shift time. The record indicates that there are numerous conflicting accounts about what plaintiffs were required to do by Empire, if anything, prior to the start of their compensable work day at Motiva. As discussed by the magistrate judge, hundreds of pages of deposition testimony reveal that several plaintiffs attested to filling out safety paperwork, attending meetings, and performing required calisthenics prior to the start of their work day. A fact finder could conclude that these are principal activities

under the FLSA for which plaintiffs should be compensated. Despite Empire's arguments to the contrary, the Court finds that the testimony relied on by Judge Giblin sufficiently creates a triable factual issue on the remaining plaintiffs' claims for preliminary and postliminary compensable work activity. The Court also concludes that Judge Giblin did not err in failing to address whether plaintiffs submitted evidence indicating they in fact performed work in excess of the required 40 hour workweek. The evidence includes vastly differing versions of what each plaintiff's individual work week included and how many "off the clock" hours they spent engaging in principal work activities. Even though Judge Giblin may not have addressed the specific 40 hour work week burden of proof upon which Empire now relies, a review of the evidence does not alter his conclusion that summary judgment in favor of Empire is unwarranted on the compensable time issue because factual issues remain.

Finally, the defendant presents additional arguments specific to Rene Chaires. Judge Giblin found that Empire did not carry its summary judgment burden on Chaires' "bus time" claims because he offered testimony that he engaged in work-specific phone calls every day while riding the bus to and from the Motiva work site and then until he arrived at home. Empire's summary judgment arguments on this issue were not presented in the detail with which they are now asserted in the objections, but the Court will briefly address them given the *de novo* standard of review. Empire devotes almost three pages of its objections opposing Judge Giblin's interpretation of *Chambers v. Sears Roebuck & Co.*, 428 F. App'x 400 (5th Cir. 2013) (per curiam), and the "Employment Commute Flexibility Act" (ECFA), which specifically amended the Portal-to-Portal Act to address discrepancies involving an employee's use of an employer's vehicle while commuting under the Portal-to-Portal Act. *See Chambers*, 428 F. App'x at 409-10.

Notably, the parties did not put ECFA at issue in this case until Judge Giblin discussed it in the context of *Chambers* in his report. Only now does Empire rely heavily upon the ECFA, its legislative history, and Department of Labor (DOL) interpretive opinions in an effort to override Judge Giblin's recommendation that Chaires' bus claims survive summary judgment. The Court finds it unnecessary to engage in a lengthy analysis of the ECFA in this context. Even assuming that Empire is correct in arguing that the ECFA somehow applies and *Chambers* is not distinguishable as held by Judge Gibiln, the Court still concludes that factual issues regarding Mr. Chaires' claims preclude summary judgment. Chaires gave fairly extensive testimony indicating that he received lengthy work calls outside of his normal shift hours almost daily. Empire can only point to legislative history of the ECFA which merely suggests that these calls could be considered non-compensable as "incidental" to Chaires' work commute. Empire's own objections show that there is no clear case law on the issue and the factual circumstances giving rise to what could be considered merely incidental versus principal and thus compensable can vary widely and should be determined on a case-by-case basis. The Court concludes that Chaires' testimony sufficiently creates a genuine issue of material fact on his claim that he was not properly compensated for time spent on the bus engaged in actual principal work activities. Even if Empire is correct in its objection regarding Judge Giblin's interpretation of Chambers and the ECFA, the outcome remains unchanged. Chaires' claims withstand summary judgment scrunity under either interpretation.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of the magistrate judge's findings, the record, the specific objections, and the applicable law in this proceeding. After review, the Court finds that Judge Giblin's findings should be accepted.

The Court ORDERS that the plaintiffs' objections (#126) and defendant's objections (#127) to the magistrate judge's report are OVERRULED. The Court ORDERS that the report and recommendation (#125) is ADOPTED. It is further ORDERED that the pending motions for summary judgment (doc. #43, doc. #81) are granted in part and denied in part, as recommended by Judge Giblin.

Summary judgment is therefore entered in favor of the defendant on the plaintiffs' claims for compensable time spent riding the bus to Motiva, except for the claim asserted by Rene Chaires on this issue, which remains pending. The Court also enters summary judgment for defendant on all plaintiffs' claims for time spent donning and doffing PPE. Summary judgment is further entered in favor of Empire on the plaintiffs' claims for improper timekeeping. Finally, summary judgment is denied on all plaintiffs' claims for pre-shift and post-shift compensable time except for the claims of Jesus Alanis, Darwin Bridges, and Rodrigo Gonzales. Empire carried its summary judgment burden on those plaintiffs and their claims are dismissed in their entirety, with prejudice. The Clerk is directed to terminate Jesus Alanis, Darwin Bridges and Rodrigo Gonzales as parties. Factual issues exist as to the remainder of the plaintiffs' claims for pre-shift and post-shift compensable time.

SIGNED at Beaumont, Texas, this 24th day of March, 2016.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE